## W. H. Babcock, et al., v. R. F. Henkle.

1. ALTERATION OF INSTRUMENT—*effect of.* Any material alteration made in any instrument in writing by a party having an interest in its performance, or any such alteration made with the assent of such party and without the consent of the other party to such instrument, will avoid the same and discharge the obligee from performance.

Action of assumpsit. Appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge, presiding. Heard in this court at the May term, 1904. Reversed. Opinion filed January 6, 1905.

O. J. BOYER, for appellants.

D. ABBOTT, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellee against J. C. Beam, C. B. Adams, W. Hanlon, W. H. Babcock, L. F. Bell, Cain & Son, T. J. Shepley, Y. Bredwell, F. Putman and Oscar Bredwell, upon a promissory note for $1,000, described in the declaration as payable to the order of J. F. Randolph, and as being signed by all of said defendants. To the declaration, which was in the usual form, the defendants filed pleas of *non-assumpsit*, want of consideration, denial of execution verified, and five other special pleas, to which demurrers were sustained. A trial of the cause by the court, without a jury, resulted in a judgment for the plaintiff for $329.25, from which the defendants W. H. Babcock and Y. Bredwell, appeal.

The facts, so far as we deem it necessary to state them, are substantially as follows: For the purpose of raising funds for the use of the Canton Publishing Co., the note in suit was originally drawn, with the name of the payee left blank, and placed in the hands of a committee of stockholders of the company, who proceeded to secure the signatures of one Randolph and all of the defendants, except Oscar Bredwell, to the same. After said signatures were obtained the note was placed in the hands of the secretary of the company for negotiation. Randolph agreed to furnish the money on the note, whereupon the committee erased his signature thereto, inserted his name therein as payee, procured appellant Oscar Bredwell to sign the note in the place of Randolph, and then delivered it to Randolph, who paid to the company the face thereof— $1,000. Shortly thereafter Randolph endorsed the note in blank and sold it to the First National Bank. When

it became due all of the signers except appellants paid
to the bank the sum of $96.97 each, which payments
were duly credited upon the note by endorsement.   Later
one of the officers of the company paid to the bank the
balance due upon the note and took the same up.   An
assignment to the appellee was then written over Ran-
dolph's endorsement on the back of the note, and it was
then turned over to appellee, he having furnished the money
to pay the balance due thereon to the bank.   Appellee
then brought the suit at bar.   Upon the trial the note was
offered and admitted in evidence, over the objection of ap-
pellants.  Its admission is assigned as error.   The note
when admitted in evidence contained eleven signatures,
including that of Randolph, through which pen lines or
marks had been drawn.   This fact, however, does not ap-
pear on the copy of the note attached to the declaration,
nor in the description thereof in the declaration itself.

We are of opinion that the action of the court in admit-
ting the note in evidence was error.   The alteration re-
ferred to was clearly a material one, apparent on the face
of the note, and was made after the execution of the same
by all of the signers thereof except Oscar Bredwell.   The
alteration was made with the knowledge and consent of
Randolph, the original payee.   It does not appear that
appellants, or either of them, ever consented to the same,
or ratified it subsequently.   Appellee having acquired the
note after its maturity, took the same subject to all de-
fenses that could be interposed as against the original
payee.   The doctrine is well settled that any material alter-
ation made in any instrument in writing by a party hav-
ing an interest in its performance, or when made with his
assent and without consent of the other party to the instru-
ment, will avoid it and discharge the party not agreeing to
the alteration, from its performance.   Gardiner v. Harback,
21 Ill. 128.

For the reasons stated we are of opinion that there can
be no recovery upon the note in suit.   It is urged by ap-
pellants that this is so for the further reason that the evi-

dence discloses that the note has been paid. Mr. Platten-burg, cashier of the bank, testifies that the payments to the bank were made in liquidation of the note, and that the same has been paid and satisfied, so far as the bank is concerned. Randolph testifies that he never sold or transferred it to any other one than the bank. Appellee testifies that he advanced some money to Hanlon for the purpose of satisfying the note; that neither Randolph nor the bank ever sold the note to him. Hanlon testifies that Beam got the note from the bank and turned it over to appellee. Beam testifies that he does not know whether the note was paid or not, or whether it was sold to appellee. There is no positive evidence as to who actually paid the money to the bank to take up the note, or as to whether the money paid was in satisfaction of the note or otherwise.

We are satisfied from the foregoing evidence that it is fair to presume that the final payment to the bank was made with the intention, at the time, of satisfying the note, and not for the purpose of negotiation.

In view of what we have said, it will be unnecessary for us to consider or determine the remaining errors assigned.

The judgment will be reversed.

*Reversed.*

Finding of fact, to be incorporated in judgment of the court:

We find that appellee acquired the note in suit after its maturity; that the same was altered before delivery, with the knowledge and consent of the original payee thereof, and without the consent of appellant.